UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL M. ANDREOLA, SR.,

        Plaintiff,

v.                                                 Case No. 04-C-0186

STATE OF WISCONSIN,
ROCK COUNTY, and
ERIC RUNAAS,

        Defendants.

**MEMORANDUM AND ORDER**

Daniel M. Andreola, Sr., the plaintiff in this civil rights action under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, alleges that Rock County and Sheriff Eric Runaas denied him a kosher diet while he was in the Rock County Jail. Defendants have filed a supplemental brief supporting their motion for summary judgment. Andreola has filed a motion to disqualify defendants' counsel at trial and a motion for sanctions.

RLUIPA entitles prisoners to judicial relief from any governmental regulation or action that imposes a substantial burden on their right to exercise their religion unless the government proves that the burden on the inmate: "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1. In their supplemental brief, defendants argue that Andreola cannot prove that the jail's culinary policies imposed a substantial burden on the exercise of his religion. Defendants also argue that even if jail policies did impose a substantial burden on Andreola's exercise of his religion, the

imposition of that burden was the least restrictive means of advancing a compelling state interest–namely, prison security.

Two rounds of briefing have failed to clarify what action or actions plaintiff alleges defendants took or failed to take with the result that his religious exercise was illegally burdened. In its order of September 2, 2005, the court construed plaintiffs' claim as one that "the preparation and handling of his food [ ] was not in accordance with the tenets of his faith; in other words, that it was not kept completely separate from non-kosher food and prepared with separate appliances and utensils." (Order of September 2 at 17-18.) How plaintiff proposes that defendants could have remedied that is unclear. After considering the parties' briefs, the court has determined that it cannot grant or deny summary judgment without oral argument. Accordingly, the court reserves ruling at this time and will direct the clerk to schedule oral argument.

Plaintiff has moved to disqualify defendants' counsel, Jerome Long, on the grounds that he will be a witness in this case. Generally, a party is entitled to be represented by counsel of his or her choice. *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1992). Disqualification of a party's chosen counsel is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Id.* In order to disqualify an attorney, the court must find that his testimony is both admissible and necessary in the case. *United States v. Cunningham*, 672 F.2d 1064, 1075 (2d Cir. 1982). In support of his motion, plaintiff merely states that Attorney Long "acted as a person in the decision-making process outside of [the] attorney-client relationship." (Mot. ¶ 2.) Plaintiff offers no explanation of what relevant, much less necessary, testimony Attorney Long has to offer in this case. Accordingly, plaintiff's motion to disqualify Attorney Long will be denied.

2

Plaintiff has also filed a motion to sanction defendants. He complains that defendants served interrogatories on him after the close of discovery. While this may be grounds for refusing to answer the interrogatories, it gives no basis for the imposition of any sanction. Accordingly, plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to disqualify counsel (Docket #91) is hereby **DENIED.**

**IT IS ALSO ORDERED** that plaintiff's motion for sanctions (Docket #93) is **DENIED.**

The clerk of court shall set this matter on for oral argument forthwith. Plaintiff shall be permitted to appear by telephone.

Dated this   15th   day of December, 2005.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

3