UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL ANDREOLA,

    Plaintiff,

v.                                            Case No. 04-C-186

ROCK COUNTY and ERIC RUNAAS,

    Defendants.

**ORDER**

Plaintiff Daniel Andreola filed this action against Rock County and its sheriff, alleging that they had violated his First Amendment right to the free exercise of his religion by failing to provide him with Kosher meals during the time he was held as a prisoner in the Rock County Jail. Andreola also claimed that by failing to meet his religious dietary needs, the county and sheriff had violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000(c) *et seq*. Both claims were ultimately dismissed on summary judgment. Thereafter, plaintiff filed a motion for leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(2). The court assessed an initial partial filing fee, determined that the appeal was in good faith, and granted plaintiff's motion. Plaintiff is now before the court requesting that transcripts of any hearings in his case be prepared and that the United States be directed to pay for such transcripts.

Under 28 U.S.C. § 1915(c), upon the filing of a proper affidavit of indigence and prepayment of any initial partial filing fee, the court may direct payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required

by the appellate court." In addition, 28 U.S.C. § 753 provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous, but presents a substantial question." Moreover, "doubts about the substantiality of the issues on appeal and the need for a transcript to examine them should be resolved in the favor of the petitioner." *Rhodees v. Army Corps of Engineers*, 589 F.2d 358, 360 (8th Cir. 1978).

Here, I have already concluded that Andreola's appeal is not frivolous and he has paid the initial partial filing fee that was calculated from his affidavit of indigency. He therefore meets the requirement of the statute. In addition, although there were only two brief hearings held in this matter, this court agrees with Andreola that transcripts of those hearings may be necessary for a full and complete review. Accordingly, the motion is granted and the United States is directed to pay for the preparation of transcripts of the two hearings in this matter. These include the telephone conference held on October 3, 2005 (Docket #85) and the January 11, 2006 hearing on the defendant's supplemental motion for summary judgment on plaintiff's RLUIPA claim (Docket #108). Upon completion of the transcripts, the originals shall be forwarded to the Court of Appeals as a supplemental record pursuant to Rule 10(e)(2) of the Federal Rules of Appellate Procedure.

**SO ORDERED** this    16th    day of October, 2006.


                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge